621 N.W.2d 219 (2001)
David J. EASTERBROOK, as Independent Personal Representative of the ESTATE OF Ashley Marie EASTERBROOK, Deceased; David J. Easterbrook and Gail Easterbrook, Individually; Penny Mapes, as Temporary Personal Representative of the Estate of Michael D. Jamieson, Deceased; Penny Mapes and Randall Mapes, Individually; John Stindt, as Independent Personal Representative of the Estate of Andrew R. Stindt, Deceased; and Sylvia Stindt and John Stindt, Individually, Plaintiffs-Appellees,
v.
TGI FRIDAY'S, INC., Defendant, Cross-Plaintiff-Appellant, and
Richard Alan Smith, as Personal Representative of the Estate of Lori Ann Smith, Deceased (AIP), jointly and severally, Defendant, Cross-Defendant-Appellee.
No. 117876, COA No. 228462.
Supreme Court of Michigan.
January 26, 2001.
On order of the Court, the motion for immediate consideration is considered, and it is GRANTED. The application for leave to appeal from the September 20, 2000 decision of the Court of Appeals also is considered, and it is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.
The motion for stay is DENIED as moot.
MARKMAN, J., dissents and states as follows:
I would grant leave in order to consider whether the trial court erred in denying defendant's motion for summary disposition in this dramshop case where (a) the dramshop act creates a cause of action against restaurant and tavern owners who serve alcohol to "visibly intoxicated persons" who subsequently injure others, (b) the only eyewitness to the instant transaction testified that the perpetrator of the injuries in this case who was served alcohol in defendant's place of business was not "visibly intoxicated," and (c) the sole *220 evidence in support of plaintiff's position that the perpetrator was "visibly intoxicated" comes from expert witnesses who inferred this from her blood alcohol content at the time of her death.
Unlike the former act which made a licensee liable for sales to any "intoxicated person," M.C.L. § 436.22(4); MSA 18.993(4), the current act requires that a person be "visibly intoxicated." MCL 436.1801(3); MSA 18.1175(801)(3). "Visible intoxication" requires evidence that the allegedly intoxicated person behaved in a manner that would lead a reasonable observer to conclude that the person was intoxicated when served another drink. Miller v. Ochampaugh, 191 Mich.App. 48, 59-60, 477 N.W.2d 105 (1991). Almost certainly, the disparity in individual reactions to alcohol explains why evidence of observed behavior is required as a precondition to liability, rather than mere quantitative evidence of intoxication. While toxicologic or pathologic evidence clearly can contribute to the determination of whether a person was, in fact, intoxicated at a given point, it is less clear to me the extent to which such evidence can, by itself, contribute to the determination that a particular person's intoxication should have been recognized by demeanor or behavior. Whether reliance upon expert testimony of this sort effects a transforming of standards under the act, by imposing a burden upon restaurant and tavern owners inconsistent with its language, warrants further consideration by this Court, in my judgment.
TAYLOR, J., joins in the statement of MARKMAN, J.